## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION

| | |
|---|---|
| **JESSICA SMITH,** | |
| **Plaintiff,** | Civil Action No. <u>4:21-CV-128-</u>JHM |
| **v.** | |
| **RELIANCE STANDARD LIFE INSURANCE COMPANY,** | **COMPLAINT** |
| **Defendant.** | |

### Introduction

1.      This complaint seeks legal and equitable damages arising from and relating to a long-term disability policy and life insurance policy insured by Defendant.

2.      The headings contained in this complaint are intended only to assist in reviewing the statements and allegations contained herein.  To avoid the unnecessary repetition in each section, Plaintiff hereby affirms and incorporates each paragraph in each section of this complaint as though fully set forth therein.

3.      The factual allegations found in this complaint are not exhaustive and are presented throughout this complaint so as to provide the requisite notice of the basis for Plaintiff's allegations.

### Jurisdiction & Venue

4.      This Court has subject matter jurisdiction over the claims asserted in this action for monetary and equitable relief under Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331 and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e)(1) and § 1132(f).

5.      Venue is appropriate in the United States District Court for the Western District

of Kentucky pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391.

**Parties**

6.      Plaintiff Jessica Smith ("Ms. Smith") is a citizen of the United States, a resident of the Commonwealth of Kentucky, and an insured participant under the long-term disability insurance policy ("LTD Policy") and life insurance policy ("Life Policy") at issue in this lawsuit.

7.      Defendant Reliance Standard Life Insurance Company of America ("Reliance Standard") is the insurer of the Policy at issue in this lawsuit.  Reliance Standard does business as an admitted insurer, and can be regularly found operating, within the Commonwealth of Kentucky.  Reliance Standard's agent for service of legal process is "Reliance Standard Life Insurance Company, c/o Charles T. Denaro, Two Commerce Square, Suite 1500, 2001 Market Street, Philadelphia, PA 19103-7000."

**Facts**

8.      Ms. Smith is insured under the LTD Policy and Life Policy issued by Reliance Standard.

9.      Ms. Smith ceased work in September 2020 because of the physical limitations resulting from her disabling conditions and corresponding treatment regimen.  Subsequent to ceasing work, Ms. Smith has remained continuously disabled and unable to perform the duties necessary to engage in either her prior employment or any gainful employment.

10.     In a letter dated April 16, 2021, Reliance Standard notified Ms. Smith that her LTD Policy benefits had been approved—with the Elimination Period having been satisfied on March 2, 2021.

11.     In a second letter dated April 16, 2021, Reliance Standard notified Ms. Smith that she may be eligible for a waiver of premium benefit under her Life Policy.  The letter stated that if Ms. Smith wished to "assert a claim for Waiver of Premium benefits" she needed to

"complete, sign and date the enclosed *Waiver of Premium Request and Beneficiary Designation* form and return it to the address indicated on the form."

12.    On May 8, 2021, Ms. Smith completed, signed, and returned the Waiver of Premium Request and Designation form—thereby submitting her claim for waiver of premium benefits under the Life Policy.

13.    In a letter dated August 26, 2021, Reliance Standard terminated Ms. Smith's LTD Policy benefits—informing her she was no longer entitled to benefits "effective September 2, 2021."

14.    At the time Reliance Standard denied her LTD Policy benefits, Ms. Smith's disabling conditions had not improved, and her corresponding treatment regimen had not changed.

15.    The denial of Ms. Smith's LTD Policy benefits was flawed and failed to strictly adhere to the ERISA claim regulations for a number of reasons, including, *inter alia*:

- Failing to establish and maintain reasonable procedures governing the filing of benefit claims, notification of benefit determinations, and appeal of adverse benefit determinations.

- Failing to provide a claim process that is conducted by an appropriate named fiduciary of the plan.

- Failing to provide a written notification of an adverse benefit determination that provides the specific reason or reasons for the adverse determination.

- Failing to provide a written notification of an adverse benefit determination that provides a description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary.

- Failing to provide a written notification of an adverse benefit determination that provides an explanation of the basis for disagreeing with or not following the views presented by the claimant to the plan of

health care professionals treating the claimant and vocational professionals who evaluated the claimant.

- Failing to provide a written notification of an adverse benefit determination that provides an explanation of the basis for disagreeing with or not following the views of medical or vocational experts whose advice was obtained on behalf of the plan in connection with a claimant's adverse benefit determination, without regard to whether the advice was relied upon in making the benefit determination.

- Failing to consult with a health care professional who has appropriate training and experience in the field of medicine involved in the medical judgment.

16.    In addition to its flawed termination letter concerning Ms. Smith's LTD Policy benefits, Reliance Standard *never* rendered a decision on Ms. Smith's waiver of premium claim under the Life Policy—despite being provided the additional claim information it requested.

17.    In administering Ms. Smith's claims, as the denial letter and the refusal to render a decision on her waiver of premium claim make clear, Reliance Standard actively sought to terminate her LTD Policy benefits and deny her Life Policy waiver of premium benefits.

18.    Ms. Smith has met and continues to meet the respective requirements of the LTD Policy and the Life Policy necessary to receive—and continue to receive—disability benefits.

19.    At all times relative hereto, Reliance Standard has been operating under an inherent and structural conflict of interest because any disability benefits provided to Ms. Smith are paid from Reliance Standard's own assets with each payment depleting those same assets.

20.    Reliance Standard's corporate culture pressures claims personnel to deny or terminate claims to reduce disability benefits it must provide.

21.    Employees who save Reliance Standard money by terminating or denying claims are more likely to be rewarded (e.g., with favorable employment reviews, promotions, raises, and bonuses) compared with those who do not.

- 4 -

22.    Based on Reliance Standard's failure to strictly adhere to the ERISA claim regulations (*see supra*), Ms. Smith is deemed to have exhausted her administrative remedies and is entitled to pursue the relief requested herein.[1]

23.    Reliance Standard's failure to strictly adhere to the ERISA claim regulations was not *de minimis* but represents a pattern and practice of violating the claim regulations.

24.    Reliance Standard's failure to strictly adhere to the ERISA claim regulations both prejudiced and harmed Ms. Smith.

25.    Ms. Smith requested a written explanation from Reliance Standard for its violations of the ERISA claim regulations and why her administrative remedies should not be deemed exhausted.

26.    Reliance Standard responded but failed to provide a sufficient explanation for its refusal to strictly adhere to the ERISA claim regulations in terminating her LTD Policy benefits.

27.    Ms. Smith's complaint is timely and is not otherwise time barred.

## Claims

### A.    Breach of Contract

28.    The LTD Policy and Life Policy constitute written contracts.

29.    Reliance Standard breached the terms of the LTD Policy by, among other things, improperly terminating Ms. Smith's disability benefits.

30.    Reliance Standard breached the terms of the Life Policy by, among other things, ignoring her claim for disability waiver of premium benefits.

---

[1]    *See* 29 CFR 2560.503-1(l)(2)(i) ("In the case of a claim for disability benefits, if the plan fails to strictly adhere to all the requirements of this section with respect to a claim, the claimant is deemed to have exhausted the administrative remedies available under the plan…Accordingly, the claimant is entitled to pursue any available remedies under section 502(a) of the Act on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.").

31.    Reliance Standard's breaches damaged Ms. Smith, not only in the loss of her LTD Policy and Life Policy benefits, but also in the loss of earnings on her disability benefits, the loss of opportunity, and the attorneys' fees and costs incurred.

32.    29 U.S.C. §§1132(a) is the enforcement mechanism permitting Ms. Smith to enforce the contractual terms of the LTD Policy and Life Policy, to receive reinstatement and payment of past-due disability benefits, to obtain declaratory relief, and to obtain other appropriate equitable relief including, but not limited to, surcharge, make-whole relief, and disgorgement.

**B.    Attorneys' Fees & Costs**

33.    As a result of Reliance Standard's improper conduct, Ms. Smith has incurred attorneys' fees and costs.

34.    29 U.S.C. §1132(g) is the enforcement mechanism permitting Ms. Smith to recover her reasonable attorneys' fees and costs.

**Prayer for Relief**

35.    Ms. Smith requests the Court enter judgment in her favor and against Reliance Standard on all claims asserted herein, to include legal and equitable relief as appropriate.

36.    Ms. Smith requests the Court award reasonable attorneys' fees and costs.

37.    Ms. Smith requests the Court award pre- and post-judgment interest at the greater of the prime rate, the policy rate, or the rate earned by Reliance Standard on the unpaid benefits.

38.    Ms. Smith requests the Court award any and all other legal or equitable relief to which she may be entitled.

39.    Ms. Smith requests leave to amend her claims when and as necessary to ensure she receives substantial justice.

40.    Ms. Smith requests the Court deem her pleadings to confirm to the evidence.

\* \* \* \* \* \* \* \* \* \*

Dated:  December 2, 2021                    Respectfully submitted,

                                           /s/ Andrew M. Grabhorn

                                           **Grabhorn Law | Insured Rights®**
                                           Michael D. Grabhorn
                                           *m.grabhorn@grabhornlaw.com*
                                           Andrew M. Grabhorn
                                           *a.grabhorn@grabhornlaw.com*
                                           2525 Nelson Miller Parkway, Suite 107
                                           Louisville, KY  40223
                                           p: (502) 244-9331
                                           f: (502) 244-9334

                                           ***Counsel for Plaintiff Jeri Reid***